UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHRISTOPHER HILLFIGER,**

    **Petitioner,**

v.                                                                               Case No. 8:21-cv-1624-MSS-AEP

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    **Respondent.**
_____/

**O R D E R**

Hillfiger petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and challenges his state court conviction for attempted sexual battery by a person who is in a position of familial or custodial authority (Docs. 1 and 9-2 at 208), the Respondent asserts that the petition is untimely (Doc. 8 at 13–14), and Hillfiger replies that the limitation period equitably tolled. (Docs. 1 at 6–!0 and 12 at 2–4) After reviewing the pleadings and the relevant state court record (Doc. 9-2), the Court **DISMISSES** the petition as time barred.

**PROCEDURAL HISTORY**

An amended information charged Hillfiger with sexual battery on a minor, sexual battery by a person who is in a position of familial or custodial authority and showing obscene material to a minor. (Doc. 9-2 at 157–59) Hillfiger pleaded *no lo contendere* to attempted sexual battery by a person who is in a position of familial or custodial authority, a lesser offense. (Doc. 9-2 at 166–70) The trial court sentenced Hillfiger to sixty months in prison and ten years of probation. (Doc. 9-2 at 211–15) Hillfiger appealed (Doc. 9-2 at 220), and the state appellate court affirmed. (Doc. 9-2 at 307) Hillfiger moved for post-conviction relief (Doc. 9-2 at

1

323–41), the post-conviction court denied relief (Doc. 9-2 at 342–43), and the state appellate court affirmed. (Doc. 9-2 at 430)

Judicially noticed records from the Florida Department of Corrections show that Hillfiger finished serving his prison sentence on September 13, 2018. Inmate Release Information Detail, Florida Department of Corrections, *available at* https://fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=H09379&TypeSearch=IR. On April 9, 2019, after his release, police arrested Hillfiger in Pasco County for failing to register as a sexual offender. Complaint Affidavit, *State v. Hillfiger*, No. 19-CF-2300 (Fla. 6th Jud. Cir. April 10, 2019). While pre-trial detained on the new charge, Hillfiger filed the federal petition in this action challenging the earlier state court judgment for the attempted sexual battery conviction. (Doc. 1)

In his federal petition, Hillfiger asserts that (1) the trial court violated Hillfiger's federal right to due process by adjudicating him as sexual predator, (2) the trial court violated Hillfiger's federal right to due process by denying his motion to withdraw the plea, (3) trial counsel deficiently performed by misadvising him that the trial court would sentence him to thirty-eight months in prison if he pleaded guilty, (4) trial counsel deficiently performed by misadvising him about the consequences of a designation as a sexual predator, (5) trial counsel represented him with a conflict of interest, and (6) cumulative error prejudiced Hillfiger. (Doc. 1 at 14–41)

## ANALYSIS

A one-year statute of limitations applies to a federal habeas petition challenging a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period begins to run "the date on

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

On January 26, 2018, the state appellate court affirmed Hillfiger's conviction and sentence in a decision without a written opinion (Doc. 9-2 at 307), the state supreme court lacked jurisdiction to review the unelaborated decision, and Hillfiger could have sought further review only in the United States Supreme Court. *Bates v. Sec'y, Fla. Dep't Corrs.*, 964 F.3d 1326, 1329 (11th Cir. 2020) (citing *Jackson v. State*, 926 So. 2d 1262, 1265 (Fla. 2006)). Hillfiger did not seek further review, and the time to seek review expired ninety days after the state appellate court's decision — April 26, 2018. Sup. Ct. R. 13(1). The limitation period started to run the next day. Fed. R. Civ. P. 6(a)(1)(A).

The limitation period ran 365 days and expired on April 27, 2019. At that time, Hillfiger was in custody in Pasco County on charges alleging he failed to register as a sexual offender. *Hillfiger*, No. 19-CF-2300 (Fla. 6th Jud. Cir.). On June 29, 2021, more than two years after his limitations expired and while still pre-trial detained in Pasco County jail for his new charge, Hillfiger placed in the hands of prison officials for mailing his Section 2254 petition in this action challenging the earlier state court judgment. (Doc. 1 at 42) Consequently, his petition is untimely.

"[A] properly filed application for State post-conviction or other collateral review" tolls the limitation period. 28 U.S.C. § 2244(d)(2). On January 2, 2020, Hillfiger placed in the hands of prison officials for mailing a motion for post-conviction relief. (Doc. 9-2 at 323–41) Because Hillfiger filed the post-conviction motion after the limitation period expired, the motion did not toll the limitation period. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir.

3

2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.").

**Equitable Tolling**

Hillfiger asserts that the limitation period equitably tolled because staff at the Pasco County Jail and restrictions imposed because of the COVID-19 pandemic denied him access to legal materials. Hillfiger alleges the following facts in support of equitable tolling (Doc. 1 at 9–10):

> Initially, Mr. Hillfiger avers that the delay in filing resulted from unreasonable denial and failure to provide legal materials by jail officials. Specifically, Mr. Hillfiger is in custody at the Land O' Lakes Detention Facility located in Pasco County, Florida. During his incarceration, he has diligently sought to obtain legal materials to challenge his conviction in both the state courts and federal court. Mr. Hillfiger has repeatedly requested legal research forms, law books, legal dictionaries in his attempt to challenge his convictions. On several occasions, the jail staff has responded to [Mr. Hillfiger's] requests, stating that the requested materials are not available to [Mr. Hillfiger]. Among the requested materials [ ] that were not made available to [Mr. Hillfiger] was a copy of the [Federal Rules of Civil Procedure] and AEDPA. The lack of access to these materials prevented [Mr. Hillfiger] from learning about AEDPA's deadline, and other pleading requirements pursuant to the Federal [Rules of] Civil Procedure, and thereby prevented his timely filing. It was not until [Mr. Hillfiger] found a newly-arrived inmate willing to offer assistance that he learned of the deadlines and was able to file his habeas petition. However, by this time, the AEDPA deadline had already passed. Had [Mr. Hillfiger] been afforded access to necessary legal materials which would have alerted him of the one-year limitations period, he would have challenged his conviction within the statutory limitations period.
>
> [Mr. Hillfiger] was entirely dependent upon prison officials to provide him with the requested materials and could not file his petition without it. Accordingly, the unavailability of the federal rules and the AEDPA requirements through the jail's law library, and [Mr. Hillfiger's] inability to obtain the materials before the one-year deadline constitutes the extraordinary circumstances

4

> envisioned by the United States Supreme Court's decision in *Holland*, *supra*.
>
> In addition to the circumstances articulated above, greater delay has resulted due to the COVID-19 pandemic, and the safeguards which have been set [ ] to prevent the spread of the virus in the jail, thereby making it exponentially more difficult to access legal materials, copy services, legal paper, and legal research to assist in the preparation of legal pleadings. Therefore, [Mr. Hillfiger] is entitled to equitable tolling of AEDPA's one-year deadline.

Equitable tolling applies to a Section 2254 petition and requires the petitioner to demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

*Helton v. Sec'y, Dep't Corrs.*, 259 F.3d 1310, 1313–14 (11th Cir. 2001), explains that a lack of access to legal materials that prevents a petitioner from learning the statute of limitations may justify equitable tolling. However, *Helton*, 259 F.3d at 1314, requires that the petitioner allege specific facts to establish when he discovered the library's alleged deficiency and what steps that he took to remedy the deficiency.

As explained above, the limitation period started to run on April 27, 2018, and expired on April 27, 2019. On September 6, 2016, the trial court sentenced Hillfiger in this case. (Doc. 9-2 at 208–15) Hillfiger entered prison on October 3, 2016, and remained in prison until September 13, 2018.[1] On April 9, 2019, police arrested Hillfiger in Pasco County for failing to register as a sexual offender. Complaint Affidavit, *State v. Hillfiger*, No. 19-CF-2300 (Fla.

---

[1] Hillfiger received 882 days of credit for pre-trial detention. (Doc. 9-2 at 214)

6th Jud. Cir. April 10, 2019). On June 29, 2021, while pre-trial detained in Pasco County jail, Hillfiger filed his Section 2254 petition. (Doc. 1 at 42)

Consequently, the limitation period started while Hillfiger was serving his sentence in state prison and expired after his release from state prison. Almost eight months after his release from state prison, police arrested Hillfiger for a new crime, and he filed his Section 2254 petition while pre-trial detained for that new crime. Hillfiger fails to explain why he could not have discovered the statute of limitations and timely filed his petition either while he was serving his sentence in state prison or after he was released from prison. Because Hillfiger fails to demonstrate that he acted reasonably diligent, equitable tolling does not apply. *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) ("'The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.'") (quoting *Holland*, 560 U.S. at 653).

Hillfiger asserts that restrictions imposed because of the COVID-19 pandemic denied him access to legal materials. (Doc. 1 at 10) Hillfiger does not allege when the restrictions began, when the restrictions ended, or how the restrictions limited his access to the law library. The limitation period started to run on April 27, 2018, and expired on April 27, 2019, and the executive branch declared that the COVID-19 pandemic was a national emergency on March 13, 2020. Proclamation No. 9994, 85 Fed. Reg. 15,337 (Mar. 13, 2020). If restrictions began when the executive branch declared a national emergency, Hillfiger does not explain why he could not have filed his petition before the restrictions. Because Hillfiger did not act reasonably diligent before the COVID-19 pandemic, the limitation period did not equitably toll. *Cole*, 768 F.3d at 1158. *See also Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) ("*Akins* suggests that lockdowns and periods in which a prisoner is separated from his

6

legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate.") (citing *Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000)).[2]

Accordingly, Hillfiger's petition (Doc. 1) is **DISMISSED** as time barred. The Clerk is **DIRECTED** to enter a judgment against Hillfiger and **CLOSE** this case.

### DENIAL OF CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS*

Because Hillfiger neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on April 15, 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

---

[2] The Court finds persuasive several orders by the court of appeals denying a certificate of appealability after determining that restrictions due to COVID-19 did not prevent a petitioner from timely filing a petition. *See Gainey v. Sec'y, Dep't Corrs.*, No. 22-10650, 2022 WL 1786543 (11th Cir. May 20, 2022); *Powell v. United States*, No. 21-12432, 2022 WL 2811987 (11th Cir. Feb. 8, 2022); *Johnson v. United States*, No. 21-12000, 2022 WL 4483113 (11th Cir. Sept. 27, 2022).